UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

In re:  Razak Abdul Williams         :      Case No. 09-57500
                                     :      Chapter 13 Judge Hoffman
                                     :      341 Date: 08/19/2009
          Debtor(s)                  :
                                     :

## CHAPTER 13 TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION

Now comes Frank M. Pees, Standing Chapter 13 Trustee, and objects to the confirmation of the plan and requests that the Court enter an Order denying confirmation for the reasons set forth below and dismissing the case, pursuant to 11 U.S.C. §1307(c)(5).  This objection supersedes any prior objection filed in this case by the Trustee.

Above median income  _____         Below median income  __**X**__

___**X**___  **11 U.S.C. §1325(a)(1)**—Plan does not comply with all provisions of Chapter 13 of Title 11 and the other applicable provisions of Title 11:

_____ Debtor(s) failed to appear at the scheduled meeting of creditors.

_____ Debtor(s) have failed to file a plan.

_____ Debtor(s)' debts exceed the limits for non-contingent, liquidated, unsecured debt and/or for non-contingent, liquidated, secured debt.

_____ Plan does not provide for full payment of claims entitled to priority under section 507.  (NB: If 5 year plan, please do not check.)

_____ Trustee is unable to accurately determine length.

___**X**___ Plan takes over 60 months to complete. **Trustee calculates plan length to be over 120 months.**

_____ Debtor has failed to file a complete list of creditors, statement of financial affairs, schedules including current income and expenses, or other filing requirements, pursuant to 11 U.S.C. § 521.

\_\_**X**\_\_ Other: **Per 341 notes, debtor is married but per the B22C debtor is unmarried, verify the marital status of the debtor. Per Schedule J, clarify the line #13b expense disclosed as sleeping room rent. Need to provide affidavit from estranged wife regarding voluntary contribution of $600 per month to the plan.**

_____ **11 U.S.C. §1325(a)(3)**—Plan has not been proposed in good faith.

_____ **11 U.S.C. §1325(a)(4)**—Plan does not meet the best interest test.

    _____ Trustee is unable to accurately determine best interest as Debtor(s) have failed to provide an acceptable appraisal, pursuant to LBR 3015-3(e)(3).

    _____ Trustee is unable to accurately determine best interest.

_____ **11 U.S.C. §1325(a)(5)**—Plan does not provide for lien retention rights for secured creditors and/or interest rate for rejecting secured creditors.

    _____ Debtor(s) do not have liability insurance on all vehicles that are driven or as required by any relevant security agreement, pursuant to LBR 3015(e)(6).

    _____ Debtor(s) do not have insurance on their real estate, pursuant to LBR 3015(e)(6).

    _____ Plan does not provide regular periodic payments in equal monthly amounts for secured creditors, pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(1).

    _____ Other: [Deficiencies such as time and details for sale of house and inappropriate treatment of mortgage.]

\_\_**X**\_\_ **11 U.S.C. §1325(a)(6)**—Plan is not feasible based on income, living expenses, and plan payments.

_____ Other: [Deficiencies in Schedules I and J (tax returns, job/income change, and/or income projections.)]

_____ **11 U.S.C. §1325(a)(7)**—Petition has not been proposed in good faith.

_____ **11 U.S.C. §1325(a)(8)**—Debtor(s) have failed to pay all domestic support obligations that became due after the filing of the petition.

_____ **11 U.S.C. §1325(a)(9)**—Debtor(s) have failed to file all applicable federal, state, and local tax returns for 4 years prior to filing.

_____ Plan does not provide for full payment of debt on motor vehicle purchased within 910 days of filing or debt secured by other personal property purchased within 1 year of filing.

_____ **11 U.S.C. §1325(b)**—Plan will complete in less than 36 months.

_____ **11 U.S.C. §1325(b)**—Plan does not meet disposable income test.

_____ Debtor has failed to commit all disposable income to plan for the applicable commitment period.

_____Debtor(s)' expenses exceed reasonable, necessary expenses.

_____ **11 U.S.C. Section 1326(a)(1)**—Debtor(s) have failed to tender the following pre-confirmation payments not later than 30 days from the filing of the plan or petition (whichever is earlier):

(A) _____ payments proposed by the plan to the Trustee;

(B) _____ post-petition lease payments;

(C) _____ adequate protection payments to secured creditors.

3

_____**11 U.S.C. Section 1326(a)(1)(C)** _____ Plan does not provide adequate protection payments.

Pursuant to LBR 3015-2(a), amendments necessary to place the plan in a posture for confirmation must be filed at least ten (10) days prior to the hearing on confirmation set for **September 15, 2009,** unless Debtor(s) have entered into an Agreed Order with the Trustee and so are bound by the terms of that Order.

Further, Trustee notes that:

_____ Debtor(s) have failed to attend Debtor Orientation.

_____ Debtor(s)' counsel to add language to Plan to advise Trustee/Court

_____ Debtor(s)' counsel to upload Motion to Implement Wage Withholding.

_____ Debtor(s)' counsel failed to file and serve a statement of compensation paid, or such statement is not signed pursuant to Federal Rules of Bankruptcy Procedure 9011.

Therefore, the Trustee prays that confirmation is denied and this case be dismissed for cause pursuant to §1307(c)(5).

## TERMS OF THE PLAN: Below median income __X__
Above median income____
**Dividend: 30%, BI: 0% , Plan payments: $500mo for the duration of the plan**

**Length: 120 months**

Dated: September 1, 2009                          Respectfully submitted,

*/s/ Frank M. Pees*
Frank M. Pees
Chapter 13 Trustee
130 E. Wilson Bridge Road, #200
Worthington, OH 43085
(614) 436-6700

4

CERTIFICATE OF SERVICE

    The undersigned hereby certified that on the date shown below a copy of the Trustee's Objection to Confirmation was served electronically on the Office of the United States Trustee and Debtor's attorney, and on the Debtor(s) at the address as currently shown in the Trustee's records by regular first class mail, postage prepaid.

Dated:  September 1, 2009                  **/s/*Frank M. Pees***
                                                  Frank M. Pees, Standing Chapter 13 Trustee
                                                  130 E. Wilson Bridge Road, #200
                                                  Worthington, OH 43085-6300
                                                  (614)-436-6700